# CARDEN LIVESAY
### LTD
**ATTORNEYS AT LAW**

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiff*

### IN THE BANNER STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

Heather Taylor,

                Plaintiff,

v.

Banner Health,

                Defendant.

**ORIGINAL COMPLAINT**

**(JURY TRIAL REQUESTED)**

Plaintiff Heather Taylor, hereby seeks relief under Title VII, the ADA, and the Arizona Civil Rights Act as follows:

### PARTIES

1.      Plaintiff Heather Taylor was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" within the meaning and purposes of all relevant statutes at all times material to this action.

2.      Defendant Banner Health ("Banner") is an Arizona nonprofit corporation, at all relevant times conducting its business in Pima County, Arizona.

3.      Banner was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

4.      Banner employs more than 500 people.

5.      At all times pertinent to this Complaint, Banner's managerial employees were acting within the course and scope of their employment with Banner; and as a result thereof, Banner is responsible and liability is imputed for the acts and omissions of their managerial employees, as

1    alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

2    6.    All acts alleged in this Complaint occurred in Maricopa County, Arizona.

3    ## JURISDICTION AND VENUE

4    7.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343.

5    Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

6    8.    The unlawful employment practices described herein were committed within the

7    State of Arizona, Maricopa County, where Banner employed Plaintiff.

8    9.    Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

9    ## ALLEGATIONS COMMON TO ALL CLAIMS

10    10.    Banner is a large provider of medical services, with multiple locations and many

11    employees throughout Arizona.

12    11.    Heather Taylor is a licensed Anesthesiologist in the State of Arizona.

13    12.    Banner employed Dr. Taylor in that capacity over eight years ago.

14    13.    While Banner acquired Dr. Taylor's services via a third-party company, Banner

15    exerted direct control over the terms and conditions of Dr. Taylor's day-to-day work and

16    employment.

17    14.    In 2021, Banner adopted a COVID-19 policy requiring all employees to be

18    vaccinated against COVID-19.

19    15.    Banner made much of its policy, providing special badges for those who were

20    vaccinated as a form of pressure and visual segregation of those who were not vaccinated.

21    16.    Dr. Taylor requested a medical exemption from the COVID-19 vaccine, as well as

22    an exemption from the flu vaccine, based on a disability that could be triggered by vaccination, and

23    provided supporting medical documentation .

24    17.    Banner granted her flu vaccine exemption, but denied her COVID-19 vaccine

25    exemption on or about October 27, 2021.

26    18.    Dr. Taylor appealed that denial, and also submitted another request for

27    accommodation, this time based on sincerely-held religious beliefs as a Christian.

28    19.    On or about October 29, 2021, Banner rejected Dr. Taylor's appeal.



20.    On or about November 22, 2021, Banner denied Dr. Taylor's religious accommodation request.

21.    On December 23, 2021, Banner revoked Dr. Taylor's privileges and banned her from their facilities for her refusal to get vaccinated; thus terminating her employment.

22.    Upon information and belief, Banner dropped its mandatory vaccination policy in early 2022.

23.    Approximately 90 days after being terminated, Dr. Taylor was permitted to reapply for privileges through her staffing company and return to work at Banner.

24.    However, as she made approximately $2,000 per day at Banner, she lost well over $100,000 in income during that relatively short time frame.

25.    Upon information and belief, Banner did no studies to determine what accommodations could be feasibly made for individuals objecting to the COVID-19 vaccine on religious grounds.

26.    Upon information and belief, Banner did no studies to determine the extent of any cost burden related to granting accommodations on religious grounds.

27.    Upon information and belief, Banner did no studies to determine what accommodations could be feasibly made for individuals who had documented medical concerns related to vaccination (including but not limited to COVID-19 vaccination).

**Administrative Remedies**

28.    Plaintiff timely filed charges of discrimination with both the EEOC and Arizona Attorney General Civil Rights Division.

29.    The Arizona Attorney General Civil Rights Division issued all relevant Notices of Suit Rights.

30.    The EEOC issued all relevant Notices of Suit Rights.

31.    All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

### FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION

32.    By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

33.    Plaintiff holds sincere Christian beliefs, *inter alia*, against getting the COVID-19



vaccine, of which beliefs Banner was aware.

34.    By refusing an accommodation for Plaintiff's faith, Banner has engaged in direct discrimination against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e.

35.    Neither Plaintiff's beliefs nor the actions she took upon those beliefs caused a disruption in the workplace or a burden on her co-workers.

36.    Banner could have easily accommodated Plaintiff's religious beliefs without an <u>actual</u> undue hardship, the existence of which is Banner's burden to prove – and a speculative burden is insufficient in the Ninth Circuit. *Tooley v. Martin-Marietta Corp.*, 648 F.2d 1239, 1243 (9th Cir. 1981).

37.    Anticipating a further affirmative defense, Plaintiff specially alleges that the current "more than de minimus" test for measuring "undue hardship" as enunciated in *TWA v. Hardison*, 432 U.S. 63 (1977) stands against the statutory text, and ought to be overruled. The U.S. Supreme Court has granted certiorari on this issue in *Groff v. DeJoy*, No. 22-174 (January 13, 2023) and will hear oral argument on April 18, 2023.

38.    Plaintiff's beliefs and her actions taken on those beliefs, and Banner's refusal to accommodate those beliefs, were the direct cause of Plaintiff's discharge.

39.    The persons who engaged in discrimination and failed to accommodate Plaintiff were supervisory employees of Banner with immediate and ultimate authority over Plaintiff.

40.    Plaintiff has suffered irreparable injury and monetary damages as a result of Banner's discriminatory practices unless and until this Court grants relief.

41.    As a direct and proximate result of Banner's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

42.    As a direct and proximate result of Banner's conduct, Plaintiff has further sustained damages in the form of emotional distress.

43.    Banner's conduct was malicious, or done with reckless disregard of Plaintiff's rights to a degree that entitles Plaintiff to punitive or exemplary damages.

**SECOND CAUSE OF ACTION – ACRA RELIGIOUS DISCRIMINATION**

44.    By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.



45.     A.R.S. § 14-1463 prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of religion.

46.     Plaintiff holds sincere Christian beliefs, *inter alia*, against getting the COVID-19 vaccine, of which beliefs Banner was aware.

47.     In violation of A.R.S. § 41-1463(B)(l ), Banner engaged in unlawful employment practices by discriminating against Plaintiff with respect to terms, conditions, or privileges of employment because of the Plaintiff's sincerely held religious beliefs, as a result of Banner's policies and practices.

48.     Additionally, Banner limited, segregated, or classified employees like Plaintiff with sincerely-held religious beliefs in a way that deprived them of equal employment opportunities or otherwise adversely affected their status as employees because of their sincerely-held religious beliefs; thus damaging those employees.

49.     Because Banner subjected Plaintiff to different terms and conditions of employment (including termination), Plaintiff suffered monetary damages for which she should be compensated in an amount to be determined at trial.

50.     Anticipating an affirmative defense, Plaintiff specially alleges that the "undue hardship" test under the Arizona Civil Rights Act is <u>not</u> the "de minimus" test. A.R.S. § 41-1461(15).

51.     Plaintiff should also receive injunctive relief as fashioned by the Court to remedy the wrongs caused by Banner's actions.

**THIRD CAUSE OF ACTION – ACRA DISABILITY DISCRIMINATION**

52.     By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

53.     A.R.S. § 14-1463 prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of disability, which is defined to include "being regarded" as having a physical or mental impairment, regardless of whether such impairment actually limits a major life activity.

54.     Because of her non-vaccination status, Banner "regarded" Plaintiff as being highly susceptible to COVID-19 and therefore "at risk," <u>despite </u>Plaintiff documenting her medical



5

status of being at-risk with otherwise common vaccinations.

55. That at-risk status rises to the level of a disability as any triggering of that disability would have impaired, at minimum, Plaintiff's ability to work.

56. Banner thus discriminated against Plaintiff based on an actual or perceived disability.

57. In violation of A.R.S. § 41-1463(B)(l ), Banner engaged in unlawful employment practices by discriminating against Plaintiff with respect to terms, conditions, or privileges of employment because of the Plaintiff's actual or perceived disability, as a result of Banner's policies and practices.

58. Additionally, Banner utterly failed to engage in the interactive process with Plaintiff regarding her medical status; a form of direct discrimination.

59. Because Banner subjected Plaintiff to different terms and conditions of employment (including termination) as a result of its actions, Plaintiff suffered monetary damages for which she should be compensated in an amount to be determined at trial.

60. Plaintiff should also receive injunctive relief as fashioned by the Court to remedy the wrongs caused by Banner's actions.

## FOURTH CAUSE OF ACTION – ADA DISCRIMINATION

61. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

62. Plaintiff's non-vaccination status, as described above, caused the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

63. Because of her non-vaccination status, Banner "regarded" Plaintiff as being highly susceptible to COVID-19 and therefore "at risk," despite Plaintiff documenting her medical status of being at-risk with otherwise common vaccinations.

64. That at-risk status rises to the level of a disability as any triggering of that disability would have impaired, at minimum, Plaintiff's ability to work.

65. Banner thus discriminated against Plaintiff based on an actual or perceived disability.

66. Additionally, Banner utterly failed to engage in the interactive process with Plaintiff



6

regarding her medical status; a form of direct discrimination.

67.    Defendant failed to provide Plaintiff with a reasonable accommodation.

68.    By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating her disparately from other non-disabled workers in violation of 42 U.S.C. § 12112.

69.    As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

70.    As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

71.    Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## JURY DEMAND

72.    Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A.  Declaring that the acts, practices, and policies complained of herein are in violation of federal and/or state law;

B.  Directing Banner to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities, including but not limited to the required implementation and enforcement of policies, practices and programs that provide equal employment opportunities for employees with sincerely-held religious beliefs and disabilities, and that eradicate the effects of its present unlawful employment practices; remedial and additional training to its management, supervisors, human resources personnel, and employees regarding religion-based and disability-based discrimination in the workplace and unlawful retaliation, including but not limited to accommodation of sincerely-held religious beliefs and disabilities;

C.  Directing Banner to place Plaintiff in the position she would have occupied but for Banner's



unlawful actions, and make Plaintiff whole for all earnings she would have received, including, but not limited to, back pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 25th day of March, 2023,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*
